**PRACTICES AND PROCEDURES BEFORE
JUDGE JAMES PATRICK HANLON**

**INTRODUCTION**

Counsel appearing before Judge Hanlon are expected to read and comply with these Practices and Procedures.  Counsel may seek modification of any specific part of these Practices and Procedures as may be appropriate based on the unique facts and circumstances of a case.  The Court may also alter them *sua sponte* as appropriate in any case.  Inquiries should be directed to the Courtroom Deputy Clerk, Pam Pope, at 317-229-3962 or pam_pope@insd.uscourts.gov.

**GENERAL MATTERS**

1. Attorneys entering an appearance in this Court agree to comply with the Indiana Rules of Professional Conduct, as amended from time to time by the Indiana Supreme Court.  S.D. Ind. L. R. 83-5(e).  They also agree to comply with the Seventh Circuit Standards of Professional Conduct.  L.R. 83-5(e).  Those standards set forth civility expectations for counsel and are to be followed.

2. Counsel are expected to be fully familiar with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Southern District of Indiana.

3. Counsel should stand when speaking for the record and when addressing the court and should use the lectern except for brief objections during testimony.

4. Attorney statements should be addressed to the court, not to opposing counsel.

5. Conversation between co-counsel, or between counsel and parties, when opposing counsel is questioning or arguing is not permitted if it is distracting to others.

6. Do not exhibit familiarity with witnesses, jurors, or opposing counsel.  During argument to the jury, no juror should be addressed individually or by name.

7. No person in the courtroom should ever exhibit, by facial expression, bodily movement, or other conduct, any opinion (e.g., surprise, happiness, disbelief, or displeasure) concerning any testimony, attorney

   argument, or any ruling by the court.  Counsel should admonish their clients and witnesses to avoid such behavior.  Visitors who cannot abide by this requirement will be asked to leave the courtroom.

8. Cell phones and other mobile communication devices are to be turned off (not just silenced) during proceedings and not used while court is in session.

## TRIAL DATES IN CIVIL CASES

Ordinarily, the Court will not automatically set a trial date in civil cases until after the dispositive motion deadline has passed and any dispositive motions are resolved.  If counsel believes that a trial date should be set at an earlier point, counsel shall (1) contact opposing counsel to determine whether opposing counsel objects; and (2) file a motion to set a trial date that states the position of opposing counsel.

A motion to set a trial date should include the number of days anticipated for trial and proposed trial dates.  Proposed trial dates should be at least 180 days after the dispositive motion deadline.  This is intended to provide (1) the parties sufficient time to fully brief the dispositive motion; and (2) the Court sufficient time to review the motion and, within the context of other matters on the docket, to prepare an opinion sufficiently in advance of trial so that the parties are aware of the issues to be resolved at trial.  Counsel should not seek any extension of time of the dispositive motion deadline if it would shorten the 180-day period.  Counsel are advised that if an extension compromises the 180-day period, the scheduled trial date may be lost.

## MOTIONS PRACTICE

### *Motions for an Extension of Time - General*

1. While the Court generally expects compliance with the deadlines established by the Case Management Plan, circumstances sometimes necessitate an extension of time.  When counsel believes that an extension of a deadline is necessary, counsel shall (1) contact opposing counsel to determine whether opposing counsel objects; and (2) file a motion for extension of time that states the position of opposing counsel.

2. Counsel should file motions for extension of time as far in advance as possible and, at a minimum, not less than three business days prior to the deadline.  *See* Local Rule 6-1(a)(5).

***Summary Judgment Motions***

1. If a party plans to move for summary judgment, counsel for that party shall contact counsel for the other parties to determine if any other party also plans to move for summary judgment.

2. If more than one party plans to move for summary judgment, the following modified briefing process applies:
    a. Motion and Brief in Support by Party A (limited to 35 pages);
    b. Cross-Motion, Brief in Support, and Response in Opposition by Party B (limited to 55 pages);
    c. Reply in Support of Motion and Response in Opposition to Cross-Motion by Party A (limited to 40 pages);
    d. Reply in Support of Cross-Motion by Party B (limited to 20 pages).

3. Permission to exceed these page limitations will be granted only on motion supported by extraordinary and compelling reasons. Counsel are also reminded that "[c]ollateral motions in the summary judgment process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs." L.R. 56-1(i).

4. Briefs on Summary Judgment shall comply with Local Rule 56-1(e), which says: "A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief. The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." *See also* Fed. R. Civ. P. 56(e); *Bluestein v. Cent. Wisconsin Anesthesiology, S.C.*, 769 F.3d 944 n.1 (7th Cir. 2014) (not crediting version of facts not citing particular parts of the record). Complying with these rules requires the party to specifically cite to evidence for each fact set forth in the fact and argument sections. Failure to comply with Local Rule 56-1(e) or Fed. R. Civ. P. 56(e) may result in unsupported facts being disregarded or in an order requiring filing of a compliant brief.

5. Logistics and Housekeeping

    a. Deposition Excerpts

       Whenever a party relies on a deposition excerpt to support or oppose a motion, the party should cite to the specific page and line numbers of the deposition. The party should provide the relevant

excerpts—and the three pages immediately preceding and following each excerpt—as an exhibit. The Court may summarily deny motions that do not include the relevant excerpts of the pertinent depositions.

b. Citation Form

See Appendix A to these Practices and Procedures for specific examples and screenshots of proper citation format. In a supporting brief, cite to the docket number, the attachment number (if any), and the applicable .pdf page as it appears on the docket information located at the top of the filed document. For example:

Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012. [Dkt. 42-8 at 5.]

That citation would refer to page five of attachment eight to the item filed as docket number 42.

### *Motion to Dismiss and Summary Judgment Filings*

See Appendix A to these Practices and Procedures for specific examples and screenshots of proper descriptive identifiers on electronically filed exhibits.

Motions and exhibits must be filed before supporting briefs so that citations in supporting briefs reference the docket numbers of the previously filed exhibits. Exhibits should ordinarily be attached to the motion as Appendix A instructs. If they are filed separately, the motion must be filed before the exhibits. This significantly facilitates the Court's review of the motion and briefs as well as the parties' review of the filed materials.

When electronically filing exhibits to any motion, appendix, or index, number the exhibits and add a descriptive identifier for the exhibits, *e.g.*, "Exhibit 1 – Affidavit of John Smith" instead of just "Exhibit 1," or "Exhibit 2 – Deposition Excerpt of Jane Doe pp. 21-25" instead of just "Exhibit 2."

## TRIAL

### *The Final Pretrial Conference*

1. Counsel must be prepared to argue any pending motions, objections, and issues related to voir dire and jury instructions at the final pretrial

4

   conference.

2. The Court will issue an order setting deadlines for certain filings in advance of the final pretrial conference.  Compliance with those deadlines, which may differ from and thus supersede deadlines set forth in the CMP, is required.

3. The parties are expected to work together to prepare the filings required by the final pretrial order.

4. Motions in limine should be filed as one document numerically listing each issue to be addressed.  Leave of Court must be sought to raise more than 10 issues.  The party responding to the motion must respond to each numerically listed issue with either "no objection" or "objection" and then state the reasons for the objection with citation to case law.

5. The agenda for the final pretrial conference typically includes the following items:
   a. Discuss voir dire process, length of opening statements, and length of closing arguments.
   b. Review witness lists to determine who will testify and the subjects of their testimony.
   c. Discuss stipulations.
   d. Review exhibit lists and discuss admissibility and objections. Bring copies of proposed exhibits to conference.
   e. Discuss testimony that will be offered by way of deposition and objections.
   f. Discuss motions in limine and objections.
   g. Discuss preliminary instructions and objections.
   h. Discuss status of final jury instructions, objections, and verdict forms.
   i. In civil cases, discuss status of possible settlement.

***The Venire and Voir Dire***

1. A list of the venire and copies of questionnaires which the venire has completed will be available to counsel the business day (usually but not always a Friday) before the trial starts.  As soon as the jury has been chosen, the questionnaires must be returned to the Courtroom Deputy.  Jurors will be assigned numbers and should be referred to by number always.

2. A seating chart will be available the morning of trial.

3. The Court will conduct initial voir dire and permit the parties to conduct follow-up voir dire.  The length of time counsel will have will be determined at the final pretrial conference.  As detailed in the Court's scheduling order, the questions that the Court intends to ask of the venire will be made available to counsel in advance of the final pretrial conference.  Any objections to the Court's proposed voir dire must be filed in accordance with dates set forth in the Court's scheduling order.  Similarly, counsel may file any proposed questions they would like the Court to ask.

4. In civil cases, each side will be entitled to a minimum of three peremptory challenges for the entire venire.  On a case by case basis, depending on the number of prospective jurors summoned and the number of prospective jurors excused for cause, additional peremptory challenges may be granted.  When all challenges have been completed and there remain more prospective jurors than required, the appropriate number of prospective jurors will be chosen from those with the lowest order of draw numbers.

5. In civil cases, the Court ordinarily seats a jury of eight members.  However, in certain cases, based on the expected length of the trial, additional jurors may be seated.  There are no alternate jurors in civil cases; all jurors selected will participate in deliberations.

6. In criminal cases, the government will be entitled to six peremptory challenges and the defense will be entitled to ten peremptory challenges; plus any additional challenges for alternate jurors under Fed. R. Crim. P. 24.

### *Opening Statements and Closing Argument*

1. Counsel should stand at the lectern during the opening statement and closing argument.

2. The Court will honor counsel's reasonable requests concerning the amount of time for opening statements and closing arguments.  These limits will ordinarily be set at the final pretrial conference.

3. During the argument of opposing counsel, remain seated at the counsel table and be respectful.  Never divert the attention of the Court or the jury.  Counsel should so instruct their clients and witnesses.

4. During opening statements, do not use an exhibit as to which admissibility has not been stipulated unless you have raised the matter in advance with the Court and opposing counsel.

5. Confine opening statements to what you expect the evidence to show. It is not proper to use the opening statement to argue the case, to instruct as to the law, or to express counsel's personal opinion.

6. If Plaintiff is going to suggest a damages number to the jury, that number must be stated in the opening segment of Plaintiff's closing argument so that Defendant has an opportunity to respond.

7. Although Plaintiff is permitted to open and close final arguments, the large majority of the time must be spent in the opening portion.

8. Jurors' comments after trials have indicated that they resent long closing arguments. Be brief.

9. Closing argument should never include statements of counsel's personal beliefs or insults to opposing counsel.

10. Counsel are encouraged to refer to the final jury instructions during closing argument.

### *Examination of Witnesses*

1. Witnesses should be treated with appropriate fairness and consideration. They should not be shouted at, ridiculed, or otherwise abused.

2. Counsel should conduct examination of witnesses from the lectern.

3. Avoid responding to answers with editorial comments of approval or disapproval. Such responses are likely to draw a quick rebuke without a private warning.

4. When the purpose of approaching the witness is to work with an exhibit, prior permission of the Court is not needed. During a jury trial, the witness and the exhibit (if enlarged) should be facing the jury so that you can be seen and heard. Counsel should resume the examination of the witness from the lectern when finished with the exhibit.

5. When the trial begins, please provide the Court and the Court Reporter with a list of witnesses you expect to call. Please attempt to have the correct spellings for the Court Reporter.

6. Have all witnesses spell their names on the record.

### *Objections to Questions*

1. Stand when making objections. This calls the Court's attention to you and allows you to be heard more readily.

2. When making an objection, state only that you are objecting and specify the ground or grounds for that objection.

3. Do not use objections to make a speech, recapitulate testimony, or attempt to guide the witness.

4. The Court will ordinarily ask for a brief response from opposing counsel. Further argument upon the objection will not be heard until permission is given or argument is requested by the Court.

5. When more than one attorney appears for a given party, only the attorney who handles the direct examination of a witness may raise objections when the witness is being examined by other counsel. Only the attorney who will cross-examine a witness may raise objections during direct examination.

### *Difficult Questions—Advance Notice*

If counsel have reason to anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury, counsel should confer and attempt to resolve the matter. If agreement is not possible, counsel should give advance notice to the Court to allow for appropriate scheduling arrangements to be made.

### *Stipulations*

1. Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are not only encouraged but expected.

2. The preferred exhibit stipulation for jury trials is that exhibits are admissible and may be used at any place in the trial.

3. The preferred exhibit stipulation for bench trials is that exhibits are admissible and may be used at any place in the trial. Only exhibits mentioned during the trial will be considered as having been admitted into evidence, unless the parties specifically stipulate otherwise.

### *Use of Depositions at Trial*

1. Pretrial orders in civil cases will ordinarily require advance designation of depositions or deposition excerpts to be offered at trial. This matter will

ordinarily be addressed in pretrial conference.

2. When a deposition is to be read for impeachment purposes, the relevant excerpts must be identified orally for the record by line and page reference. Before using portions of depositions for impeachment, counsel should ordinarily allow the witness to read them after the identification has been made for the record. A deposition used for impeachment need not be filed or marked as an exhibit.

3. Confer with opposing counsel to edit depositions to be used at trial and remove unnecessary material. This also applies to video depositions.

4. The portions of a deposition to be read at trial shall be marked on the original transcript and the original transcript shall be marked as an exhibit and offered as an exhibit at trial. However, the exhibit shall not be included with the exhibits provided to the jury for its deliberations.

5. If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations.

6. If a deposition is to be read at trial other than for impeachment, the party seeking to use the deposition shall place a person in the witness box. Counsel seeking to use the deposition shall read the selected questions, and the witness in the box shall read the answers of the deposed witness to those questions.

7. If a deposition is to be used at trial other than for impeachment and objections were made at the deposition, counsel should confer before the final pretrial conference, and any disputed issues will be addressed at the final pretrial conference.

8. The parties should stipulate, if possible, that the reading of depositions not be taken by the reporter.

9. Summaries of deposition transcripts are acceptable only by stipulation.

10. Medical experts who routinely examine and treat patients in their practices and who have been deposed in a case will be presumed "unavailable" for in-Court testimony under Fed. R. Civ. P. 32(a)(4) so that their deposition testimony may be offered into evidence at trial in that case by any party. This presumption also applies to treating health care providers even if their deposition testimony is being offered on firsthand observations rather than as expert opinion. The purpose of

this presumption is to avoid the inconvenience and delay to jurors, health care providers, and their patients caused by the scheduling of in-court trial testimony.  If a party objects to the application of this presumption and the admissibility of deposition testimony instead of in-court testimony from such a witness, a written objection showing good cause why the admission of only deposition testimony from that witness would be prejudicial, must be filed at least 30 days before the trial date.  A party opposing such an objection can still attempt to demonstrate under Fed. R. Civ. P. 32 that the deposition testimony ought to be admitted.

### *Exhibits*

1. Exhibits should be marked for identification before trial and a descriptive list provided to the Court and the Court Reporter the Friday before trial.

2. All exhibits should be identified by number only ("Exhibit 1" as opposed to "Plaintiff's Exhibit 1" for example).  Counsel shall confer and agree from the beginning of discovery on a numbering system that avoids confusion and duplication.  The recommended numbering system marks the first deposition exhibit No. 1 and so on up to No. 8, for example, for the last one.  The first exhibit in the second deposition should be marked No. 9 and so on.  Thus, for example, the employment contract would be the same exhibit with the same number for all depositions.  Then, the same exhibit numbers would be used for trial purposes.  Numbers for trial exhibits need not be consecutive.

3. Unless the introduction of exhibits is governed by stipulations, or paragraphs 2 or 3 above, counsel should move the admission of stipulated exhibits at the beginning of trial.  If neither of these procedures are used, exhibits should be offered in evidence when they become admissible, rather than at the end of a witness' testimony or counsel's case.

4. The Court expects counsel to prepare three binders with the documentary exhibits for the Court.  This practice might not be necessary when some exhibits are too bulky.  This subject will be discussed at the final pretrial conference, and counsel must comply with whatever instructions are given at the final pretrial conference.

5. Demonstrative exhibits should be shown to opposing counsel before trial.  The parties must raise any objection to a demonstrative exhibit to the Court at the first opportunity.  A demonstrative exhibit to which there is an objection should not be shown to the jury at any point without leave

    of Court.

6. During the trial, exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or notebooks.  Each counsel is responsible for exhibits taken from the table or the witness stand.  At each recess or adjournment, return all exhibits to the table or witness stand.  Exhibits which have been offered but not admitted are also part of the record of the case and are kept by the Courtroom Deputy.

7. Each counsel shall keep a list of admitted exhibits.  Counsel and the Courtroom Deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury.  Controlled substances, currency, firearms, or other dangerous materials are generally not sent with the jury; counsel are asked to substitute photographs.

8. If an exhibit must be marked for identification in open Court, counsel should state for the record what they are doing and briefly describe the nature of the exhibit.  Counsel should not expect the Court to provide exhibit labels.

9. Ordinarily, exhibits admitted into evidence may be displayed to the jury at the time of admission or in conjunction with other exhibits at the conclusion of the witness' examination by the "offering" counsel, but permission of the Court should be sought before doing so.

10. When counsel or witnesses refer to an exhibit, mention should also be made of the exhibit number so that the record will be clear.

11. When maps, diagrams, pictures or similar materials are being used as exhibits, and locations or features on such documents are being pointed out by witnesses or counsel, those locations should be appropriately marked on the documents if they are not clear from the exhibits themselves.  Unnecessary markings should be avoided.  Marking on exhibits should be made only after considering the views of opposing counsel and only after receiving the Court's permission.  Counsel should then describe the markings for the record.  Exhibits with overlays or with moveable parts have been very useful.

12. When counsel expect to offer answers to interrogatories or requests for admissions extracted from several separate documents, prepare copies of the individual materials rather than thumbing through extensive files while the Court and the jury wait for counsel to locate the items.  The copies should only be the particular interrogatory or request to admit together with the caption and signature page.  These materials should

    ordinarily be the subject of stipulations and should be addressed at the final pretrial conference.

13. For all documents not in notebooks, but which may be admitted into evidence, have an appropriate number of copies available on three-hole punched paper, so that if admitted, the exhibits may be distributed to the Court, opposing counsel, and the Courtroom Deputy for inclusion in the notebook or notebooks kept at the witness stand.

14. Each page of each exhibit should have an identifying number.

15. If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and the numbering thereof is not consistent with the numbering system used at trial, the parties should create a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits.

16. If over-sized exhibits or models are to be used, counsel need to make arrangements with the Courtroom Deputy at least two weeks before start of trial.

17. Be sure there is a proper line of sight for the jury, Court, witness, and counsel when using easels, over-sized exhibits, and models.

18. Demonstrative exhibits are not sent to the jury room for deliberations, unless the parties agree otherwise.

### *Jury Instructions and Verdict Forms*

1. Electronically file and serve proposed jury instructions and verdict forms in line with the pretrial orders.

2. Each tendered instruction must include citations to authority on which counsel relies.

3. The Court will convene an instructions conference at an appropriate time, generally near the conclusion of all the evidence.  The conference will be held either at the end of a day, early in the morning, or at the conclusion of all testimony, depending on the circumstances of the particular case.  The Court will provide drafts of the jury instructions and verdict forms to counsel and the conference will be held on the record to discuss objections.

4. Ordinarily, the Court will read most of the final jury instructions to the jury before closing arguments.

*Experts*

Counsel may establish qualifications; the Court will not declare a witness to be "an expert."

*Jurors*

1. Jurors are permitted to take notes in notebooks, which will accompany them during their deliberations.

2. Jurors expect counsel to look at the witness to whom a question is directed and not to look at the jurors.

3. Jurors do not appreciate counsel staring at them during trial.

*Logistics and Housekeeping*

1. Do not ask the Court Reporter to mark testimony.  All requests for re-reading of questions or answers should be addressed to the Court.

2. After trial has begun, documents should be tendered to the Courtroom Deputy for filing, rather than to the Clerk's Office, if they are not being filed electronically.

3. On a trial day, the jury will typically be brought in at 9:00 a.m.  Matters to be addressed outside the presence of the jury will usually be addressed before the trial day begins or at the end of the day so the time at which counsel should be in court will vary.  On the first day of trial, counsel are expected to be in the courtroom by 8:00 a.m.  On subsequent days, if there are no matters for the Court and counsel to discuss before the jury is brought in, counsel are expected to be in the courtroom by 8:45 a.m.  A typical trial day will include a midmorning break, lunch around noon, and a midafternoon break with the trial day for the jury concluding around 5:00 p.m.  Times to recess and adjourn may vary slightly, to permit the conclusion of a witness' testimony, to allow counsel to finish with direct or cross-examination, or if the Court must attend to other business.  Counsel should alert the Court to any circumstance when any witness, by necessity, will be held over until the next day.

4. The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses.  Counsel should be in the courtroom at least 15 minutes prior to the start of each day's proceedings and 30 minutes prior to the start on the first day of trial as

    the Court may want to meet with counsel. Inform the Courtroom Deputy of any anticipated scheduling problems, and the Court will attempt to work with counsel to resolve them.

5. If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when Court is resumed.

6. If the conclusion of a witness' testimony is followed by a recess or adjournment, the next witness should be ready to take the stand when trial resumes.

7. If a witness' testimony is expected to be brief, have the next witness immediately available, ordinarily in the witness room.

8. Do not run out of witnesses.

9. The Court attempts to cooperate with the schedules of non-party witnesses and will consider permitting them to testify out of sequence. Anticipate any such possibility and discuss it with opposing counsel and advise the Courtroom Deputy. If there is an objection, advise the Courtroom Deputy in advance.

10. If both parties expect to call a witness, the Court will usually require all questioning of the witness when called in the Plaintiff's case. If a party believes non-leading questions should be asked of the witness, leave can be requested under Federal Rule of Evidence 611.

### *Facilities*

1. A TV, DVD player, an easel, a dry erase board and markers are available. Counsel who plan to use them should make arrangements with the Courtroom Deputy before trial begins. Counsel should expect to bring with them any other equipment, such as overhead projectors, screens, and other easels that they expect to use to display exhibits.

2. If counsel wish to use one of the Video Evidence Presentation Systems ("VEPS") owned by the Southern District of Indiana, three weeks' notice (unless the case management plan dictates a different period) to the Courtroom Deputy prior to the start of the trial is required to be sure that one of the systems will be available. If a VEPS is not available due to prior commitments, counsel will need to provide any such equipment.

3. If a witness room will be available, the Courtroom Deputy will notify counsel before trial begins. If available, the witness room will be open

and available during trial.  Witnesses should generally be asked to report to the witness room.

4. The facilities of the chambers, including the telephones and the copier, are not available to counsel during trial.  Counsel should enter chambers and the jury room only with permission of the Court staff.

5. Cell phones may be used outside the courtroom but must be turned off (not just on silent or vibrate) in the courtroom.

6. Unless otherwise directed, tables in the well area are not assigned by party in civil cases.  The first party to arrive on the first morning of the trial has first choice.  Parties are, of course, permitted to agree between themselves.

7. On trial days, the courtroom will be opened by 8:00 a.m., but can be opened earlier by special request to the Courtroom Deputy.

8. The courtroom may not be locked during the noon recess (unless by agreement of all parties), and Court staff will not be present to watch any materials left in the courtroom.

9.  The courtroom will be locked overnight.

10. Food and drinks are not allowed in the courtroom, except for bottled water.

*Transcripts*

1. Parties desiring a daily transcript of testimony must make their own arrangements, at least two weeks in advance of the start of the trial, directly with the Court Reporter.

2. Parties desiring a transcript of Court proceedings must make their own arrangements with the Court Reporter, preferably before the start of the proceeding.

3. Before trial, counsel shall provide the Court Reporter with a list of words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a typical spell check.

**APPENDIX A**

**PROCEDURE FOR FILING EXHIBITS AND PROPER CITATION FORM WHEN FILING A MOTION OR BRIEF**

**STEP ONE – FILING EXHIBITS**

- Motions and exhibits must be filed before supporting briefs so that citations in supporting briefs reference the docket numbers of the previously filed exhibits.  Exhibits should ordinarily be attached to the motion as shown below.  If they are filed separately, the motion must be filed before the exhibits.   This significantly facilitates the Court's review of the motion and briefs as well as the parties' review of the filed materials.

- IF FILING A MOTION WITH SUPPORTING BRIEF:  Before filing the supporting brief, electronically file the motion and attach any exhibits that will be cited in the supporting brief as exhibits to the motion.

    Example:

| 03/01/2012 | 38 | MOTION *for Summary Judgment*, filed by Plaintiff ROBERT SMITH. (Attachments: # 1 Exhibit 1 Johnson Aff., # 2 Exhibit 2 Johnson Dep. Excerpts) (Jones, John) (Entered: 03/01/2012) |
|---|---|---|

- IF FILING A RESPONSE, REPLY, OR SURREPLY:  File an appendix or index of exhibits first, and attach any exhibits that will be cited in the supporting brief as exhibits to the appendix or index.

    Example:

| 03/30/2012 | 42 | Appendix of Exhibits in Support of RESPONSE in Opposition re 38 MOTION for Summary Judgment, filed by Defendant ABC CORPORATION. (Attachments: # 1 Exhibit A: Smith Dep. Transcript, # 2 Exhibit B: Smith Dep. Exhibits 1-27, # 3 Exhibit C: Smith Dep. Exhibits 27-30, # 4 Exhibit D: Smith Dep. Exhibits 31-36, # 5 Exhibit E: Smith Dep. Exhibits 37-48, # 6 Exhibit F: Baker Dec. with Exhibits 1-6, # 7 Exhibit G: Jackson Dec. with Exhibits 1-3, # 8 Exhibit H: Smith Employment Agreement (White, Susan) (Entered: 03/30/2012) |
|---|---|---|

- When electronically filing exhibits to any motion, appendix, or index, number the exhibits and add a descriptive identifier for the exhibits, *e.g.*, "Exhibit 1 – Affidavit of John Smith" instead of just "Exhibit 1," or "Exhibit 2 – Deposition Excerpt of Jane Doe pp. 21-25" instead of just "Exhibit 2."

Example:

| **Attachment** | **Description** | | |
|---|---|---|---|
| [1](#) | Exhibit A: Smith Dep. Transcript Excerpts | 52 pages | 4.1 mb |
| [2](#) | Exhibit B: Smith Dep. Exhibits 1-5 | 32 pages | 3.8 mb |
| [3](#) | Exhibit C: Jones Dep. Transcript Excerpts | 51 pages | 4.5 mb |
| [4](#) | Exhibit D: Jones Dep. Exhibits 1-3 | 38 pages | 2.4 mb |
| [5](#) | Exhibit E: Smith Employment Agreement | 15 pages | 1.3 mb |
| [6](#) | Exhibit F: Jones Employment Agreement | 15 pages | 1.1 mb |
| [7](#) | Exhibit G: Jackson Dec. with Exhibits 1-3 | 20 pages | 1.7 mb |

- If a party relies on a deposition excerpt to support or oppose a motion, the party should provide the relevant excerpts—and the three pages immediately preceding and following each excerpt—as an exhibit.

## **STEP TWO – CITING EXHIBITS**

- In the supporting brief, cite to the docket number, the attachment number (if any), and the applicable .pdf page as it appears on the

> PACER docket information located at the top of the filed document. For example:
>
> > Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012. [Dkt. 42-8 at 5.]
>
> That citation would refer to page five of attachment eight to the item filed as docket number 42 (the Appendix of Exhibits in support of ABC Corporation's Response Brief, in the example above).

- When citing to deposition transcripts, cite to the specific page and line numbers of the deposition *in addition* to the docket number and page number citation format set forth above. For example, to cite the underlined text below:



The proper cite would be: Dkt. 38-2 at 3 (Johnson Dep. at 10:4-13).