UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL THAYYIL,<br><br>      Plaintiff,<br><br>v.<br><br>INDIANA STATE UNIVERSITY,<br>INDIANA STATE UNIVERSITY<br>BOARD OF TRUSTEES, JOHN DOES 1-25,<br><br>      Defendants. | Case No. 1:21-cv-00165-JPH-MG |

## CASE MANAGEMENT PLAN

**I.**    **Parties and Representatives**

    A.    **Plaintiff**:
         Michael Thayyil

         **Defendants**:
         Indiana State University
         Indiana State University Board of Trustees
         John Does 1-25

    B.    **Counsel for Plaintiff:**
         Keith Altman
         THE LAW OFFICE OF KEITH ALTMAN
         33228 West 12 Mile Road, Suite 375
         Farmington Hills, MI 48334
         Telephone: 516-456-5885
         kaltman@lawampmmt.com
         ecf@lawampmmt.com

         **Counsel for Defendants Indiana State University and Indiana State University Board of Trustees:**
         Amy Steketee Fox
         CHURCH CHURCH HITTLE + ANTRIM
         Central Building, Suite 402
         203 West Wayne St.
         Fort Wayne, IN 46802
         Telephone: 260-399-9490

       Facsimile: 260-399-9491
       afox@cchalaw.com

       Kevin S. Smith
       CHURCH CHURCH HITTLE + ANTRIM
       Two North Ninth Street
       Noblesville, IN 46060
       Phone: 317-773-2190
       Fax: 317-773-5320
       ksmith@cchalaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**    **Jurisdiction and Statement of Claims**

    A.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the matter alleges violations of due process rights under the Fifth and Fourteenth amendments to the United States Constitution; Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; and Section 504 of the Rehabilitation Act, 29 U.S.C.A. §§ 794 and 794a. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

    B.    **Plaintiff's Synopsis:**

           Plaintiff claims that Defendants dismissed him from the Occupational Therapy program in violation of Plaintiffs Fifth and Fourteenth Amendment rights. Plaintiff further claims that Defendants breached the contract with Plaintiff for his matriculation at the University and that Defendants violated his rights under the ADA and Section 504 of the Rehabilitation Act.

    C.    **Defendant's Synopsis:**  Defendants deny Plaintiff's rights were violated because Plaintiff's dismissal from the Occupational Therapy program was due to Plaintiff's performance, was based on legitimate, non-discriminatory reasons, and followed all established processes and procedures. Defendant further denies it is liable to Plaintiff for any state law claim. No contract existed between Plaintiff and Defendant, and even if a contract did exist, Defendant did not breach any such contract.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **Thursday, May 20, 2021.**

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **Thursday, May 27, 2021.**

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **Thursday, June 3, 2021.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **Monday, June 21, 2021.**

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **Monday, June 21, 2021.** Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **Monday, November 22, 2021.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **Wednesday, December 22, 2021**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **Wednesday, December 22, 2021.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **Friday, March 18, 2022.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **thirty days after the Court's ruling on summary judgment motions under Fed. R. Civ. P. 56.** This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

    J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

    K.      <u>Discovery of electronically stored information ("ESI")</u>.  The parties do not believe that there is a substantial amount of ESI in this case.

        1.      <u>Nature of Production of ESI.</u>  Absent any objection, electronic discovery shall be produced to the requesting party in PDF format. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means.  If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it in its native format. If a requesting party requests the examination of any hard drives, servers, computers, voicemail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner, absent any objection from the producing party.

        2.      <u>Cost and Burden of Producing Electronic Discovery.</u> Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and, absent any objection, may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

        3.      <u>Unintentional Disclosure of Privileged Documents.</u>  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    4.    <u>Preservation of Data.</u> Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

    5.    <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The parties shall comply with Local Rule 37.1 regarding issues associated with the discovery and production of ESI. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve and/or the parties may agree.

## IV. <u>Discovery[1] and Dispositive Motions</u>

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Yes. Defendants anticipate filing a motion for summary judgment. Defendants anticipate the undisputed facts established in discovery will show that the actions taken by Defendants do not amount to a violation of the Fifth and Fourteenth amendments to the United States Constitution; Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; and Section 504 of the Rehabilitation Act, 29 U.S.C.A. §§ 794 and 794a or a breach of contract.

B. On or before **Friday, January 7, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

    __X__ Track 2: Dispositive motions are expected and shall be filed by **Friday March 11, 2022**; non-expert witness discovery and discovery relating to liability issues shall be completed by **Friday, December 31, 2021**; expert witness discovery and discovery relating to damages shall be completed by

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**Friday, January 28, 2022**. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in January 2022.**

## VI. Trial Date

The parties request a trial date in **July 2022**. The trial is by **jury** and is anticipated to take **three days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of

these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall

7

       submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None at this time.

                              Respectfully submitted,

| s/ *Keith Altman (w/permission)* | s/ *Amy Steketee Fox* |
|---|---|
| Keith Altman<br>THE LAW OFFICE OF KEITH ALTMAN<br>33228 West 12 Mile Road, Suite 375<br>Farmington Hills, MI 48334<br>Telephone: 516-456-5885<br>kaltman@lawampmmt.com<br>ecf@lawampmmt.com<br><br>*Attorney for Plaintiff* | Amy Steketee Fox (25112-53)<br>CHURCH CHURCH HITTLE + ANTRIM<br>Central Building, Suite 402<br>203 West Wayne St.<br>Fort Wayne, IN 46802<br>Telephone: 260-399-9490<br>Facsimile: 260-399-9491<br>afox@cchalaw.com<br><br>Kevin S. Smith (20379-49)<br>CHURCH CHURCH HITTLE + ANTRIM<br>Two North Ninth Street<br>Noblesville, IN 46060<br>Phone: 317-773-2190<br>Fax: 317-773-5320<br>ksmith@cchalaw.com<br><br>*Attorneys for Defendants Indiana State University and Indiana State University Board of Trustees* |

*****************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |

|   |   |
|---|---|
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____IN PERSON IN ROOM_____; OR<br><br>_____BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (   ) _____; OR<br><br>_____BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 3/11/2022 and Discovery by 12/31/2021 |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

4/27/2021
_____
Date

*Mario Garcia* (signature)
Mario Garcia
United States Magistrate Judge
Southern District of Indiana